**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **DON NELL HAWKINS,** ) | **CASE NO. 1:14 CV 1990** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **v.** ) | |
| ) | |
| **HARVEY B. BRUNER,** ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| ) | |
| **Defendant.** ) | |

*Pro se* plaintiff Don Nell Hawkins filed this civil action against Harvey B. Bruner, an attorney the plaintiff retained to represent him in a 2006 federal criminal case, *United States v. Hawkins*, 5: 06 CR 505 (N.D. Ohio)(Gaughan, J).[1] The plaintiff is currently serving a 240-month sentence imposed on him in the case, pursuant to a 2007 guilty plea, for possessing with intent to distribute crack cocaine. The Sixth Circuit affirmed the plaintiff's conviction, and the trial court denied a subsequent motion by the plaintiff to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. The Sixth Circuit affirmed the denial of the §2255 petition (that asserted, among other things, ineffective assistance of his counsel) and denied multiple subsequent applications by the plaintiff to file a second petition.

---

[1] The plaintiff retained Mr. Bruner after his prior lawyer withdrew because the plaintiff alleged his prior lawyer was ineffective and conspired against him.

The plaintiff's present civil complaint purports to allege state-law tort claims against Mr. Bruner for legal malpractice and emotional distress. The plaintiff alleges Mr. Bruner committed legal malpractice in advising him, in 2007, to plead guilty in the federal criminal case when "he could have successfully moved to dismiss the indictment [against him] on a Speedy Trial violation." (Doc. No. 1, Complt. ¶13.)[2] The plaintiff filed a prior, *in forma pauperis* civil action in this Court alleging the same state tort claims against Mr. Bruner, but this Court dismissed the plaintiff's prior complaint pursuant to 28 U.S.C. §1915(e) because he failed to establish federal diversity jurisdiction. *Hawkins v. Bruner*, No. 1: 12 CV 1359, 2012 WL 4483888 (N.D. Ohio Sept. 27, 2012), *reconsideration denied*, 2012 WL 4919811 (N.D. Ohio Oct. 16, 2012).

In this new case, the plaintiff alleges complete diversity of citizenship. He has filed an application to proceed *in forma pauperis* (Doc. No. 9); a motion for appointment of counsel (Doc. No. 3); and five motions to amend his pleading: (1) a motion to change the amount of punitive damages he seeks and to make clear that federal jurisdiction is based solely on diversity of citizenship; (Doc. No. 4); (2) a motion to allege that Mr. Bruner fraudulently misrepresented to him in 2007 that his state arrest and detention could not trigger the 30-day period specified in the federal Speedy Trial Act (Doc. No. 5); (3) a motion to supply a page missing from his original complaint (Doc. No. 6); (4) a motion to add state-law claims against additional defendants (the City of Canton and Canton Detective Donald Miller) for "abuse of process," "civil conspiracy;" and "intentional infliction of emotional distress" (Doc. No. 8); and (5) a motion to dismiss his claims against the City of Canton and Detective Miller in his official capacity due to statutory immunity. (Doc. No.

---

[2]The trial court, however, denied a motion by the plaintiff to dismiss the federal indictment against him on the basis of the Speedy Trial Act. The court accepted the government's argument that the Act's thirty-day time limit to indict a defendant is not triggered until formal federal charges are filed; thus, the plaintiff's prior arrest and detention by Canton police did not trigger the federal Act.

10.)

The plaintiff's motion for appointment of counsel is denied. As set forth in the separate order issued contemporaneously with this opinion, the plaintiff's application to proceed *in forma pauperis* is granted. His motions to amend are also granted. In that the plaintiff is proceeding in this matter *in forma pauperis*, the Court must screen his complaint pursuant to 28 U.S.C. §1915(e), which requires the Court to dismiss an *in forma pauperis* action at any time that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Upon review, the plaintiff's complaint must be dismissed under 28 U.S.C. §1915(e). Liberally construed, the plaintiff's pleadings allege state-law tort claims against Mr. Bruner for legal malpractice, intentional infliction of emotional distress, and negligent misrepresentation in connection with the legal advice Mr. Bruner rendered to the plaintiff in 2006 and 2007 in the federal criminal case. (Doc. Nos. 1 and 5.) All of these alleged state tort claims are barred by the statute of limitations.

Claims for legal malpractice in Ohio are governed by a one-year statute of limitations and accrue when the client discovers or should have discovered that his injury was related to his attorney's act or non-act and is put on notice of a need to pursue his possible remedies against his attorney. *Zimmie v. Calfee, Halter and Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398 (Ohio 1989); Ohio Rev. Code §2305.11(A). Claims for negligent misrepresentation are governed by a four-year statute of limitations and accrue when the alleged misrepresentation was made. *See* Ohio Rev. Code §2305.09; *Schnippel Constr., Inc. v. Profitt*, No. 17-09-12, 2009 WL 3720585, at* 3 (Ohio App. 3rd Dist. Nov. 9, 2009). A four-year statute of limitations also generally governs claims for intentional infliction of emotional distress, but where an emotional distress claim arises from

another tort, the statute of limitations applicable to the other tort also governs the emotional distress claim. *See Stafford v. Clever Investigations, Inc.*, No. 06AP-1204, 2007 WL 2800333 (Ohio App. 10th Dist. Sept. 27, 2007). Accordingly, here, a one-year statute of limitations governs the plaintiff's legal malpractice claims; his negligent misrepresentation claim is governed by a four-year statute; and his emotional distress claim is governed by a four-year statute at the longest. All of the plaintiff's claims against Mr. Bruner are time-barred because the plaintiff filed this action in September 2014, well after the applicable one and four-year statutes of limitations on his claims expired. The plaintiff's claims, arising from Mr. Bruner's advice in 2006 and 2007, accrued at the latest in 2007.[3]

The plaintiff's purported state tort claims against Detective Miller in his individual capacity must also be dismissed under 28 U.S.C. §1915(e). The plaintiff alleges claims for "abuse of process," "civil conspiracy," and "intentional infliction of emotional distress" against Detective Miller. (*See* Doc. No. 8, ¶1.) The statute of limitations on a claim for abuse of process against a political subdivision or its employees in Ohio is two years and begins to run on the date the allegedly tortious conduct occurred. *Read v. Fairview Park*, No. 79036,146 Ohio App.3d 15, 764 N.E.2d 1079 (Ohio App. 8th Dist. Sept. 17, 2001). The statute of limitations on a claim for civil conspiracy is the same as the statute that applies to the underlying cause of action. *Michael v. Michael*, No. L-99-1397, 2000 WL 1005209, at *3 (Ohio App. 6th Dist. July 21, 2000).

---

[3]The plaintiff attempts to argue his claims did not accrue until he obtained a "case log" in 2014 from the Canton law department relating to his state arrest. This argument lacks merit. The plaintiff was aware of the fact of his state custody in 2007, and he himself cites a 2004 case in his complaint to support his contention that his rights under the Speedy Trial Act were violated. *See* Pltf. Complt, ¶13 (citing *U.S. v. Gaines*, 105 Fed. App'x 682 (6th Cir. 2004) for the proposition that the time a defendant spends in state custody can under some circumstances be included in a Speedy Trial Act calculation). Thus, the plaintiff was on notice of his present claims against Mr. Bruner regarding his rights under the Speedy Trial Act in 2007, more than four years before he filed this lawsuit. His claims did not accrue in 2014.

Accordingly, the plaintiff had two years from the date of Detective Miller's allegedly tortious conduct to assert his tort claims against the detective.[4] The plaintiff alleges Detective Miller engaged in tortious conduct in 2006 by intentionally detaining him in state custody to allow more time for federal charges to be filed against him. (*See* Doc. No. 8, ¶¶ 5-13.) The plaintiff, simply, has not timely asserted his claims against Detective Miller. He filed this action in 2014, well after the statutes of limitations on his claims expired. The plaintiff's tort claims against Detective Miller, like those he asserts against Mr. Bruner, are all time-barred and must be dismissed.

In sum, because of all of the state claims the plaintiff purports to allege in this diversity case are time-barred, his complaint fails to state any viable claim on which relief may be granted against any defendant and his complaint must be dismissed pursuant to 28 U.S.C. § 1915(e).[5]

## Conclusion

For all of the reasons stated above, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    */s/Dan Aaron Polster 2/2/15*
    DAN AARON POLSTER
    UNITED STATES DISTRICT JUDGE

---

[4] Even if a two-year statute does not apply to the emotional distress claim, a four year statute applies to the claim, at the very longest.

[5] The plaintiff does not appear to allege any claim in this case for violations of his constitutional or federal rights under 42 U.S.C. §1983, but to the extent he purports to any such claims, they are barred as a matter of law by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." The plaintiff's conviction has not been overturned, reversed, or otherwise invalidated, but has been consistently upheld.